J-S02028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON EDMONDS TYSON | |
| Appellant | No. 2188 EDA 2016 |

Appeal from the PCRA Order entered June 29, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0000817-2003

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MOULTON, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 22, 2017**

Appellant, Aaron Edmonds Tyson, appeals *pro se* from the June 29, 2016, order entered in the Court of Common Pleas of Monroe County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The underlying facts and procedural history were recounted in our previous memorandum issued in connection with Appellant's second PCRA petition.  *See Commonwealth v. Tyson*, No. 3176 EDA 2013, unpublished memorandum 1-5 (Pa. Super. filed July 16, 2014).  After this Court affirmed the denial of his second PCRA petition, Appellant, on May 31, 2016, filed the instant PCRA petition, his third.  On June 29, 2016, the PCRA court denied Appellant's third PCRA petition without holding a hearing.  This appeal followed.

On appeal, Appellant argues the PCRA court erred in denying his PCRA petition without holding a hearing on the merits of the petition. We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady v. Maryland*, 373 U.S. 83 (1963) claim separate from consideration of its timeliness).

Before we can address the merits of the instant appeal,[1] we must determine whether we have jurisdiction to entertain it. Appellant recognizes that the instant PCRA petition is facially untimely. However, Appellant argues he met one of the exceptions to the general rule on timeliness. Specifically, he alleges that the "cell phone logs that were obtained by [Appellant]'s Private Investigator after years of extreme diligence" qualify for the "Newly Discovered Evidence and After Discovered Evidence" exception. Appellant's Brief at 6. Appellant is entitled to no relief, for several reasons.

For purposes of the timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(ii), Appellant must plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii); *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal citations and quotations omitted).

Instantly, Appellant claims that the cell phone logs constitute "new discovered evidence/after discovered evidence," but failed to show that the existence of the cell logs was unknown to him. Similarly, Appellant failed to state why he could not have discovered them through the exercise of due diligence. This is fatal to his claim.

---

[1] On the merits, Appellant seems to argue a *Brady*-sounding claim, claiming that the "prosecution violated [his] federal and state due process rights, by tampering with and withholding exculpatory evidence via redaction of his cell-phone logs." Appellant's Brief at 8.

Moreover, in his own PCRA petition, Appellant acknowledges that the cell phone logs at issue here were in his discovery record, and that those logs were available to him. Appellant's Third PCRA Petition, 5/31/16, at 2 (unnumbered). Furthermore, in his direct appeal, Appellant argued his counsel was ineffective for "failing to review Appellant's cell phone records." *See Commonwealth v. Tyson*, 730 EDA 2007, unpublished memorandum at 17 (Pa. Super. January 11, 2008). Our Court dismissed said claim without prejudice to raise it in a PCRA petition. *Id.* It is unclear whether Appellant raised that issue in his first PCRA petition. If he did, a review of the appellate proceedings reveals that Appellant abandoned it on appeal. *See* Appellant's Brief at 3 (brief filed in connection with appeal from denial of first PCRA petition). Finally, in his response to the notice of disposition without a hearing in the instant matter, Appellant stated that he "raised the claim pertaining to his cell phone logs as evidence as early as the initial pro se petition and brief." Response to Notice of Disposition Without Hearing, at 1 (citing PCRA Hearing, 10/4/11). It is clear, therefore, that Appellant knew of the cell phone logs well before the filing of the instant petition. Accordingly, Appellant failed to show that the "new facts" exception is applicable here.

To the extent Appellant's claim can be construed as alleging that the "new fact" is the discovery of the redactions to the logs, Appellant's claim is similarly untimely for failing to establish that the redaction of the logs was

unknown to him, or what he did to learn about it. Appellant's allegation that he became aware of the redaction only upon receiving the logs from his private investigator, even if credible, is insufficient to prove the timeliness exception. Indeed, as noted above, Appellant failed to explain why the redaction could not have discovered earlier despite the fact the logs have been an essential ground for his continued challenges since his direct appeal, and that said logs were in his "discovery record" available to him and his attorneys, presumably prior to his trial. *See* Notice of Disposition Without Hearing, 6/2/16, at 1-2.

Because the instant PCRA petition is untimely, and Appellant failed to plead and prove that one of the exceptions to the timeliness rule was applicable, the PCRA court did not err in dismissing the petition without a hearing. ***See Commonwealth v. Marshall***, 947 A.2d 714, 723 (Pa. 2008) ("As explained *supra*, we have concluded that [a]ppellant's petition was untimely, and accordingly the PCRA court properly determined that it had no jurisdiction to entertain it. We therefore also must conclude that the PCRA court did not err in dismissing [a]ppellant's petition without a hearing.")*.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2017